# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 2 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**Joshua Legacy,**

**Plaintiff,**

**v.**

Case No.: **4:25-cv-00345-WMR**

**CHEROKEE COUNTY, GEORGIA,**
**SHANNON WALLACE**, in her individual & official capacity,
**RACHEL ASHE**, in her individual & official capacity,

**DFACS PERSONNEL: MELISSA LUNDELL**
**LAW ENFORCEMENT DEFENDANTS: SGT. MICHAEL SHEEHAN,**
**OFC. MATTHEW WOOD, and others (JOHN DOES 1-20) Defendants.**

## AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

**(Filed Pursuant to Court Order of December 15, 2025)**

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Cherokee County, Georgia.

### II. PARTIES

1. Plaintiff **Joshua Legacy** is a citizen of the United States and a resident of Florida.
2. Defendant **Cherokee County, Georgia** is a political subdivision responsible for the policies, customs, and practices of its agencies and officials.
3. Defendant **Rachel M. Ashe** is a Deputy Chief Assistant District Attorney for the Blue Ridge Judicial Circuit and acted under color of state law.
4. Defendant **Kathleen R. Tallent** is an investigator for the Cherokee County District Attorney's Office and acted under color of state law.
5. Defendant **Judge Shannon Wallace** is a Superior Court Judge sued solely for prospective declaratory and injunctive relief in her official capacity.
6. Defendant **Holly Springs Police Department**, including Defendants Michael Sheehan and Kenneth W. McClure, acted under color of state law.

7. Defendant **Nyah Flowers** is a Georgia Department of Revenue agent who acted under color of state law.
8. Defendant **Melissa Lundell** is a Cherokee County DFACS caseworker who acted under color of state law.
9. Defendants **John/Jane Does** 1–10 are additional state actors whose identities will be determined through discovery.

## III. FACTUAL ALLEGATIONS

### A. Warrantless Entry and Illegal Search (November 26, 2023)

1. On November 26, 2023, officers of the Holly Springs Police Department entered Plaintiff's residence **without a warrant, without consent,** and **without exigent circumstances**.
2. Officers searched drawers and cabinets and claimed to have "found a weapon" only **after** conducting the unlawful search.
3. Plaintiff was not presented with a search warrant at any time.
4. This search and seizure violated Plaintiff's **Fourth Amendment rights.**

### B. Manufactured Criminal Proceedings and Prosecutorial Involvement

1. Following the illegal search, Defendants initiated criminal proceedings under **Case No. HSI23-11801 / 24CR0240.**
2. Defendant Ashe assumed prosecutorial control over the case and supervised Defendant Tallent.
3. Defendant Tallent served simultaneously as:
- Investigative agent
- Affiant
- Grand jury witness
4. The same individuals who generated the investigative narrative were used to secure the indictment, eliminating independent review.

### C. Address Manipulation and Denial of Notice

1. Plaintiff provided the Court and Defendants with his **correct address.**
2. The Court entered an order **confirming Plaintiff's correct address.**
3. Despite this, Defendants continued sending notices to a **known incorrect address**, resulting in repeated "Return to Sender" mail.
4. These misdirected notices included:
- Arraignment notices
- Calendar calls
- Jury trial notices
5. Defendants knew Plaintiff did not receive these notices.
6. Defendants nonetheless used Plaintiff's non-appearance as a basis for adverse judicial action.

### D. Ex Parte Bond Revocation and Arrest Warrant (December 18, 2024)

1. On December 18, 2024, Defendant Ashe obtained an **ex parte bond revocation order.**
2. Plaintiff received **no notice, no hearing,** and **no opportunity to be heard.**
3. The ex parte motion relied on alleged failures caused by Defendants' own suppression of notice.

4. The resulting order authorized Plaintiff's arrest and remains enforceable.

**E. DFACS Coordination and Family Separation**

1. Defendant Tallent provided false or misleading information to DFACS.
2. Defendant Mundell interrogated Plaintiff's children outside school and after forensic interviews.
3. DFACS actions resulted in:
- Removal of Plaintiff from the home
- Interference with parental rights
- Termination of Medicaid and food assistance
4. These actions were coordinated with the criminal case.

**IV. CLAIMS FOR RELIEF**

# COUNT I

**Fourth Amendment – Unlawful Search and Seizure**
(42 U.S.C. § 1983)

1. Defendants conducted a warrantless search of Plaintiff's home without consent or exigency.
2. The search and seizure were unreasonable and unconstitutional.

# COUNT II

**Fourteenth Amendment – Procedural Due Process**
(42 U.S.C. § 1983)

1. Defendants intentionally deprived Plaintiff of notice and an opportunity to be heard.
2. Ex parte bond revocation without notice violated fundamental due process.

# COUNT III

**Malicious Prosecution**
(42 U.S.C. § 1983)

1. Defendants initiated and maintained proceedings without probable cause.
2. Proceedings were motivated by retaliation and fabricated procedural defaults.

# COUNT IV

**First Amendment Retaliation**

1. Plaintiff engaged in protected activity by challenging unlawful conduct.
2. Defendants escalated enforcement actions in response.

# COUNT V

**Municipal Liability (Monell)**

1. Cherokee County maintained policies or customs permitting:

- Ex parte deprivation of liberty
- Address manipulation
- Coordination between prosecutors and DFACS without safeguards
- Holly Springs PD maintained a custom of warrantless entries or joint operations without judicial authorization.

These practices constitute official policy or custom, including the routine use of ex parte bond revocations without notice and coordinated enforcement actions based on knowingly defective warrants.

## V. INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff seeks a declaration that Defendants' actions violated the Constitution.
2. Defendants' conduct is ongoing, as the bond revocation order remains enforceable and Defendants continue to rely on it to justify arrest, surveillance, and interference with Plaintiff's parental rights.
- Defendants have not withdrawn the bond revocation order, corrected the record, or ceased reliance on defective notice, rendering the constitutional violations ongoing.
3. Plaintiff seeks a **Temporary Restraining Order** and **Preliminary Injunction** prohibiting:
- Enforcement of the bond revocation order
- Execution of any arrest warrant arising from defective notice
- Further ex parte proceedings against Plaintiff
4. Plaintiff faces **immediate and irreparable harm**, including unlawful arrest and continued deprivation of parental rights.
5. Plaintiff has no adequate remedy at law, as monetary damages alone cannot prevent unlawful arrest, detention, or continued interference with familial rights.

### A. Standard for Injunctive Relief
Plaintiff satisfies the requirements for injunctive relief because:
(1) he is likely to succeed on the merits based on undisputed constitutional violations;
(2) he faces immediate and irreparable harm in the form of unlawful arrest, detention, and family separation;
(3) the balance of equities favors Plaintiff, as Defendants suffer no harm from being required to comply with the Constitution; and
(4) injunctive relief serves the public interest by preventing unlawful state action.
*See Winter v. NRDC, 555 U.S. 7 (2008).*

(5) Plaintiff seeks prospective relief for completed constitutional violations and unlawful enforcement mechanisms, not interference with a valid state prosecution.

### VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory relief
B. Temporary and preliminary injunctive relief
C. Compensatory damages in an amount to be determined by the jury.

D. Attorneys' fees under 42 U.S.C. § 1988

E. Any further relief the Court deems just

## VII. JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

*I declare under penalty of perjury that the foregoing is true and correct.*

Respectfully submitted,

**/s/ Joshua Legacy**

Joshua Legacy

Pro Se Plaintiff

Email: legacy.notices@gmail.com