IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JOSHUA LEGACY,

    Plaintiff,

    v.

CHEROKEE COUNTY, GEORGIA, *et al.*,

    Defendant.

CIVIL ACTION FILE NO:

4:25-cv-00345-WMR

## ORDER

This matter is before the Court on a frivolity determination of Plaintiff's Amended Complaint [Doc. 12] pursuant to 28 U.S.C. § 1915(e)(2) and Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 4].

### I.    Frivolity Review

Plaintiff originally filed this matter on December 1, 2025, in the Southern District of Florida. [Doc. 1]. The Southern District of Florida transferred Plaintiff's case to this district on December 4, 2025. [Doc. 7]. Five days later, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and submitted the case to this Court for frivolity determination. [Doc. 10]. However, after reviewing Plaintiff's original Complaint [Doc. 1], this Court ordered Plaintiff to file an amended

1

complaint within 21 days so that it could conduct its frivolity review. [Doc. 11].

Plaintiff filed an Amended Complaint on January 2, 2026. [Doc. 12].

### A. Legal Standard

28 U.S.C. § 1915(e)(2)(B) requires a federal court to dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The purpose of Section 1915(e)(2)(B) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint fails to state a claim upon which relief may be granted when it does not include enough factual matter (taken as true) to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680–85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal

---

[1] "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

conclusions masquerading as facts will not prevent dismissal."). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, a plaintiff is required to present "more than an unadorned, the defendant-unlawfully-harmed-me accusation," and "naked assertation[s] devoid of further factual enhancement" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The Court also recognizes that the Plaintiff is appearing pro se. Thus, his Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and punctuation omitted); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But that leniency does not exempt a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Nor does this leniency require or allow courts to "serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

**B. Discussion**

In his Amended Complaint, Plaintiff bring five separate claims against various parties. [Doc. 12]. Plaintiff's Amended Complaint challenges events spanning

multiple years. *See generally* [*id*.]. After liberally construing his Amended Complaint, the Court finds that it partially survives this frivolity review.

### 1. Count I: Fourth Amendment – Unlawful Search and Seizure

First, Plaintiff claims that "Defendants[2] conducted a warrantless search of Plaintiff's home without consent or exigency" and that "[t]he search and seizure were unreasonable and unconstitutional." [Doc. 12 at 2–3]. Plaintiff alleges that the officers "claimed to have 'found a weapon' only after conducting the unlawful search." [*Id*.].

"[T]he Fourth Amendment has drawn a firm line at the entrance of the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). *See also Bates v. Harvey*, 518 F.3d 1233, 1243 (11th Cir. 2008) ("It is a fundamental rule of the Fourth Amendment law that warrantless searches and seizures inside a home are presumptively unreasonable.") (citing *Payton*, 445 U.S. at 586); *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (same). Since Plaintiff alleges a warrantless search within his home, Plaintiff has alleged enough for his Fourth Amendment claim to survive frivolity review.[3]

---

[2] The Court assumes that Plaintiff alleges this claim against Defendants Michael Sheehan and Kenneth W. McClure of the Holly Springs Police Department. [Doc. 12 at 1].

[3] This finding in no way prevents the possibility that Defendants may further develop the factual record such that an exception to the warrant requirement, such as consent or exigency, may apply.

### 2. Count II: Fourteenth Amendment – Procedural Due Process

Next, Plaintiff claims that Defendant Rachel M. Ashe, as the Deputy Chief Assistant District Attorney for the Blue Ridge Judicial Circuit, "obtained an ex parte bond revocation order." [Doc. 12 at 2]. He claims that this "deprived Plaintiff of notice and an opportunity to be heard" in violation of the Fourteenth Amendment. [*Id*. at 3].

The Due Process Clause of the Fourteenth Amendment states that no state "shall . . . deprive a person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).

Plaintiff's Due Process claim fails to survive frivolity review because Defendant Ashe is entitled to immunity. Under 28 U.S.C. § 1915(e)(2)(B)(iii), a

---

*See United States v. Phyfier*, 842 F. App'x 333, 336 (11th Cir. 2021) (detailing exceptions to the warrant requirement).

federal court should dismiss a claim if it "seeks monetary relief against a defendant who is immune from such relief." A prosecutor is absolutely immune from suit for all actions that she takes while performing her function as an advocate for the state or government. *See Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 200), *aff'd* 566 U.S. 356 (2012). Prosecutorial immunity extends to pretrial advocacy in connection with the initiation of prosecution. *See Burns v. Reed*, 500 U.S. 478, 487 (1991). Plaintiff's Amended Complaint alleges that Defendant Ashe engaged in misconduct within the bounds of prosecutorial immunity through Defendant Ashe's pretrial advocacy related to Plaintiff's bond revocation.[4] Therefore, Count II of Plaintiff's Amended Complaint does not survive this frivolity review.[5]

### 3. Count III: Malicious Prosecution

Next, Plaintiff alleges malicious prosecution. [Doc. 12 at 3]. Plaintiff claims that "Defendants initiated and maintained proceedings without probable cause" and

---

[4] In the "Claims for Relief" section of his Amended Complaint, Plaintiff alleges his due process claim against "Defendants." However, in the factual allegations, Plaintiff only mentions "Defendant Ashe." For completeness, to the extent Plaintiff hopes to bring claims against Judge Shannon Wallace, in her role as Superior Court Judge, any claims against Judge Wallace are also due to be dismissed due to judicial immunity. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Judges are entitled to absolute judicial immunity from damages for those actions while they are acting in their judicial capacity[.]") (citation omitted); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (same).

[5] The Court need not give Plaintiff a chance to amend his Amended Complaint on this claim because such an amendment would be futile because he only alleges actions Defendant Ashe took covered by prosecutorial immunity. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

that the "[p]roceedings were motivated by retaliation and fabricated procedural defaults." [*Id.*].

"To establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018) (citing *Wood v. Kesler*, 323 F.3d 872, 880 (11th Cir. 2003)). "As to the first prong, the constituent elements of the common law tort of malicious prosecution are: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to plaintiff accused'." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (quoting *Wood*, 323 F.3d at 882).

Plaintiff cannot satisfy the third critical element of the common law tort of malicious prosecution. Within his factual allegations, Plaintiff provided a case number (Case No. HSl23- 11801 / 24CR0240). [Doc. 12 at 2]. And, since the Court may take judicial notice of state court proceedings, the Court located Plaintiff's criminal case. *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984); *see State of Georgia v. Joshua Legacy*, Case No. 2024-CR-000240 (Cherokee County Superior Court, Georgia, Mar. 11, 2024). After review, the Court found that the case was not terminated in Plaintiff's favor. Instead, Plaintiff pled guilty to each count brought

7

against him. Therefore, Plaintiff fails to plead (and in fact cannot plead) the elements of common law malicious prosecution.[6] Therefore, Count III does not survive frivolity review.

### 4. Count IV: First Amendment Retaliation

Next, Plaintiff alleges First Amendment retaliation because he claims that he "engaged in protected activity by challenging unlawful conduct" and "Defendants escalated enforcement actions in response." [Doc. 12 at 3].

To prove First Amendment retaliation, a plaintiff must allege that (1) he engaged in protected speech; (2) he suffered adverse action by the defendant that would likely deter a person of ordinary firmness form engaging in such speech; and (3) there was a causal relationship between the retaliatory action and the protected speech. *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam).

Accepting Plaintiff's factual allegations as true, the Court finds them insufficient. The allegations are extremely brief and fail to identify which Defendant allegedly retaliated against Plaintiff, when the retaliation occurred, how it was carried out, or what protected activity prompted the alleged enforcement. Accordingly, as currently pleaded, Plaintiff's First Amendment retaliation claim does not survive frivolity review.

---

[6] Like his claims against Defendant Ashe, the Court need not give Plaintiff a chance to amend his Amended Complaint because such an amendment would be futile. *Bryant*, 252 F.3d at 1163.

However, in an abundance of caution due to Plaintiff's pro se status, the Court will permit one final opportunity for Plaintiff to amend this claim. *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (stating that "[a]bsent a showing of futility or lack of desire to amend, [plaintiff] had to be given at least one chance to amend his claims.").[7] Any amended complaint must clearly identify the protected activity Plaintiff engaged in and specify the enforcement actions that allegedly resulted from that activity. Failure to plead this claim with the requisite specificity may result in dismissal of this claim. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (holding that courts may dismiss a complaint "as insufficient where the allegations it contains are vague and conclusory.").

### 5.  Count V: Municipal Liability (Monell)

Finally, Plaintiff claims that "Cherokee County maintained policies or customs permitting: "[e]x parte deprivation of liberty," "[a]ddress manipulation," "[c]oordination between prosecutors and DFACS without safeguards," and that "Holly Springs PD maintained a custom or warrantless entries or joint operations without judicial authorization." [Doc. 12 at 3–4]. Plaintiff claims that "[t]hese practices constitute official policy or custom, including the routine use of ex parte

---

[7] Although the Court previously ordered Plaintiff to amend his complaint, that opportunity was provided before the Court conducted a more thorough frivolity review. Accordingly, in the interest of justice, the Court will permit Plaintiff to amend a limited set of claims.

bond revocations without notice and coordinated enforcement actions based on knowingly defective warrants." [*Id.*].

To subject a municipality to liability pursuant to § 1983, a plaintiff must meet the requirements set out in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). These include: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir 2021) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). "[T]he plaintiff must demonstrate [that] the municipality's policy or custom was the 'moving force' behind the alleged constitutional violation." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)); *see also Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) ("It is only when 'the execution of the government's policy or custom inflicts the injury' that the municipality may be held liable under § 1983.") (citing *Canton*, 489 U.S. at 385).

Plaintiff again does not allege enough facts, taken as true, to support his legal claims. Plaintiff provides no concrete, specific allegations showing a real policy or widespread injury and how it caused his alleged injury. Plaintiff fails to allege facts showing (1) a pattern of similar constitutional violations sufficient to establish a widespread custom, (2) the identity of the final policymaker responsible for the

alleged practices, or (3) the causal connection between any policy and Plaintiff's alleged injury. Labels such as "routine" and "custom" are insufficient without supporting factual content. *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff's municipal liability claims lack an arguable factual basis and fail to state a plausible claim for relief. The claims are therefore subject to dismissal at this early screening stage. However, because it is not apparent that an amendment would be futile, Plaintiff will be given *one final chance* to amend *this claim*. Any amended complaint must allege specific facts showing the elements of a claim for *Monell* liability.

## II.     Temporary Restraining Order ("TRO") and Preliminary Injunction

Plaintiff seeks a TRO "to immediately halt ongoing unconstitutional, retaliatory, and dangerous actions being carried out by Cherokee County, Georgia and its agents." [Doc. 4 at 1]. A party seeking a temporary restraining order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005). The decision as to whether a plaintiff carried this burden "is within the sound discretion of the district court and will not be disturbed

absent a clear abuse of discretion." *Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir. 2002) (citation omitted).

Plaintiff requests a TRO enjoining Defendants from "[a]rresting or detaining Plaintiff," "[c]onducting any search of Plaintiff, his family, or any property connected to Plaintiff," "[e]xecuting or issue any warrants related to Plaintiff," and "[c]ontacting Plaintiff directly," among other requests. [Doc. 4 at 4–5].

Even if the Court determined Plaintiff satisfied the elements required for a TRO, Plaintiff still faces a significant hurdle through the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court evinced a strong federal policy against federal court interference with pending state judicial proceedings. *Id.* at 43; *see also For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002). *Younger* abstention is "based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (citation omitted).

When determining whether *Younger* abstention is warranted, the Court considers "whether: (1) there is an 'ongoing' state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for

judicial review of his or her federal constitutional claims." *Tokyo Gwinnett., LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1268 (11th Cir. 2019) (citation omitted).

Here, all three factors requiring abstention are met. Plaintiff's state criminal proceedings are seemingly ongoing[8] and such proceedings certainly implicate an important state interest in the administration of its criminal law. *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). And, the proceedings before the superior court provide an adequate opportunity for the Plaintiff's challenges to his guilt. *See Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights").

Further, none of the limited exceptions to *Younger* apply in this case. *See Hughes v. Att'y Gen. of Fla*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (listing three narrow exceptions to *Younger* where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised") (citing *Younger*, 401 U.S. 53–54). First, beyond Plaintiff's conclusory allegations, the Court does not find that the state proceedings were motivated by bad faith.[9] In fact,

---

[8] Plaintiff did not provide the Court with a case number for this separate case. However, based on the allegations, the Court assumes that it is an ongoing prosecution or investigation that Plaintiff challenges.

[9] Bad faith "in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6

Plaintiff's allegations are the exact kind of "the-defendant-unlawfully-harmed-me accusation[s]," "naked assertions" of liability, and "formulaic recitation[s] of the elements of a cause of action" that the Supreme Court has deemed insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

Second, Plaintiff states that he faces "immediate and irreparable harm," including "risk of unlawful arrest," "risk of harm during unauthorized searches," "repeated unlawful attempts to locate or seize him," "harassment and retaliation involving his children and family members," "ex parte judicial actions taken without notice or hearing," and "misuse of law enforcement authority by Georgia officials and local officers." [Doc. 4 at 6]. However, this conclusory list of speculative future "risks" does not satisfy the stringent standard required for the issuance of a TRO. To establish irreparable harm, a plaintiff must demonstrate that the injury is actual, imminent, and non-speculative, not merely hypothetical or generalized. *See Northeastern Fla. Chapter of Assoc. of Gen. Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). Here, Plaintiff offers only a

---

(1975). But, bad faith may also be shown where the prosecution was brought for purposes of harassment or in bad faith to deter the exercise of constitutional rights. *See Wilson v. Thompson*, 593 F.2d 1375, 1383 (5th Cir. 1979); *see also Shaw v. Garrison*, 467 F.2d 113, 122 n.11 (5th Cir. 1972) ("When the federal right sought to be protected is the right not to be subjected to a bad faith prosecution or a prosecution brought for the purposes of harassment, the right cannot be vindicated by undergoing the prosecution"). To show bad faith, a petitioner must make a "substantial allegation showing actual bad faith." *Dander v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 948 (11th Cir. 2015).

series of broad assertions without alleging any specific facts that such events are likely to occur in the immediate future. These allegations are framed entirely in terms of possibility rather than probability.

Finally, as stated, there is an adequate alternative state forum where the constitutional issues can be raised. Namely, Plaintiff's ongoing criminal prosecution. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for a Temporary Restraining Order. [Doc. 4].

### III.   Conclusion

Accordingly, Plaintiff's Amended Complaint [Doc. 12] **PARTIALLY SURVIVES** frivolity review. Specifically, **COUNT I SURVIVES**; however, **COUNT II AND COUNT III DO NOT SURVIVE.** As Count IV and Count V stand now, they do not survive frivolity review. However, the Court **GRANTS** Plaintiff **LEAVE** to **AMEND COUNT IV AND COUNT V** within **TWENTY-ONE (21) DAYS OF THIS ORDER**. Failure to do so may result in dismissal of both Claims IV and V with prejudice. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 4] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 6th day of May, 2026.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

15